**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CALVIN FOGG,                                    *

      Plaintiff,                              *

v.                                                      *            Civ. No. DLB-21-2758

GAIL WATTS, *et al.*,                       *

      Defendants.                          *

**MEMORANDUM OPINION**

Self-represented plaintiff Calvin Fogg filed this civil rights action pursuant to 42 U.S.C. § 1983 against Gail Watts, the Director of the Baltimore County Detention Center ("BCDC"), Officer Melvin, Sgt. Rose, and Lt. Murphy.  ECF 1.  Fogg alleges that during his pretrial detention at BCDC he was subjected to unconstitutional conditions of confinement and the use of excessive force.  *Id.* at 2–3.  He seeks release from BCDC and monetary damages.  *Id.* at 4.

On June 21, 2022, defendants filed a motion to dismiss, or in the alternative, for summary judgment.  ECF 9.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Fogg that the failure to file a memorandum in opposition to defendants' motion could result in dismissal of the complaint.  ECF 10.  On June 27, 2022, the Court received correspondence from Fogg reiterating his allegations and describing another, unrelated incident that occurred at BCDC.  ECF 11.  The Court did not receive any other correspondence from Fogg.

Having reviewed the submitted materials, the Court finds that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons set forth below, defendants' motion is granted.

**I.     Background**

Fogg alleges that at 4:00 a.m. on April 18, 2020, he noticed dirty toilet water up to his ankles in his cell at BCDC, and he was forced to eat a meal in these conditions.  ECF 1, at 2.

When Fogg asked Officer Melvin if the dirty water could be cleaned out, he was told that he would have to wait until the next shift. *Id.* Fogg stuck his hand out of his cell to get another officer's attention, and Sgt. Rose and Lt. Murphy arrived. *Id.* at 2–3. They refused to help Fogg and instead sprayed him with mace, bent his arm at the cell slot, and pushed him into the dirty water. *Id.* at 3. The officers then took Fogg to the shower so that he could clean himself. *Id.* Fogg refused to return to his unsanitary cell and asserted that he would kill himself if they forced him. *Id.* As a result, he was taken to the mental health unit for evaluation. *Id.* His cell eventually was cleaned. *Id.* Fogg claims that he suffered emotional distress and physical injuries as a result of the incident. *Id.*

In his complaint, Fogg states that he did not "file a grievance as required by the prison's administrative remedy procedures." *Id.* at 2.

## II.   Standard of Review

Defendants move to dismiss the complaint for failure to state a claim or, alternatively, for summary judgment. Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39

F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)).  On a Rule 12(b)(6) motion, the Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).  If an affirmative defense "clearly appears on the face of the complaint," however, it may be raised as a basis for dismissal under Rule 12(b)(6).  *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Accordingly, the Court must construe pro se pleadings liberally.  *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).  But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)).  Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

## III.    Analysis

Defendants raise the affirmative defense that Fogg has failed to exhaust his administrative remedies.  The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

Exhaustion under § 1997e(a) is mandatory, and therefore the plaintiff must exhaust his available administrative remedies before this Court will hear his claim.  *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016); *Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005).  Consequently, if Fogg has not properly presented any of his claims through an available administrative remedy procedure, that claim must be dismissed pursuant to the PLRA.  *See Ross*, 136 S. Ct. at 1857.

To exhaust his administrative remedies, an inmate must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).  This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'"  *Woodford*, 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).  The Court will not dismiss a claim as unexhausted "if a prisoner, through no fault of his own, was prevented from availing himself of [an administrative remedy]."  *Moore*, 517 F.3d at 725.

The Bureau of Prisons ("BOP") has established a four-step administrative remedy process for inmates to raise "issue[s] relating to any aspect of his/her own confinement."  28 C.F.R.

§ 542.10(a), 542.13(a), 542.14(a), 542.15(a).  First, inmates must complain informally using the measures their prison established.  28 C.F.R. § 542.13(a).  Second, within 20 days after the action or inaction giving rise to the inmate's complaint, the inmate must conclude the informal efforts and submit a "formal written Administrative Remedy Request, on the appropriate form."  28 C.F.R. § 542.14(a).  Third, if the inmate "is not satisfied with the Warden's response" to the formal complaint, then within 20 days of when the warden signed the response, the inmate "may submit an Appeal on the appropriate form . . . to the appropriate Regional Director."  28 C.F.R. § 542.15(a).  Fourth, if the inmate "is not satisfied with the Regional Director's response," then within 30 days of when the regional director signed the response, the inmate may "submit an Appeal on the appropriate form" to the BOP General Counsel.  *Id.*  Completion of all four steps will exhaust an inmate's administrative remedies.

In his complaint, Fogg specifically acknowledged that he did not file any grievance relating to the claims raised here.  He does not allege that he was prevented from doing so.  Because the PLRA requires inmates to pursue and exhaust all available administrative remedies before filing suit, and Fogg failed to do so, his claims must be dismissed without prejudice.  *See* 42 U.S.C. § 1997e(a).

## IV.    Conclusion

Defendants' motion to dismiss, or in the alternative, for summary judgment, construed as a motion to dismiss, is granted due to Fogg's failure to exhaust administrative remedies.  The complaint is dismissed without prejudice.  A separate order follows.

February 15, 2023
Date

Deborah L. Boardman
United States District Judge